IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **AMERICAN FAMILY MUTUAL INSURANCE COMPANY, S.I.,** <br><br> Plaintiff, <br><br> v. <br><br> **CAREMEL, INC., LAWRENCE LINMAN, JUDITH LINMAN, and JOSEPH ROSS, individually and on behalf of others similarly situated,** <br><br> Defendants. | Case No. 20 C 637 <br><br> Judge Harry D. Leinenweber |

## MEMORANDUM OPINION AND ORDER

Plaintiff American Family Mutual Insurance Company, S.I.'s Motion for Summary Judgment (Dkt. No. 62) is granted.

### I. BACKGROUND

This is a declaratory judgment action brought by American Family Mutual Insurance Co. related to a Businessowners Policy of insurance for businesses owned and operated by Defendants Caramel, Inc., Lawrence Linman, and Judith Linman (collectively, "Caremel"). American seeks a declaration that it has no duty to defend Caremel in a putative class action brought by Defendant Joseph Ross in the Circuit Court of Kankakee County, Illinois. *See Ross v. Caremel, Inc.*, No. 2019-L-10 (21st Dist. 2019).

Caremel operates McDonald's restaurants in Kankakee County, Peotone, and Beecher, Illinois. (Ross Compl. ¶ 1, Pls. Stmt. of Facts, Ex. 3, Dkt. No. 65-3.) In 2018, American issued Businessowners Policy of insurance number 12XN622503 to Swedeco, Inc., for the effective period March 1, 2018 to March 1, 2019. (Def.'s Resp. to Pl.'s Stmt. of Facts ("DSOF") ¶ 6, Dkt. No. 69.) The Court understands Swedeco, Inc. to be an affiliate of Caremel's McDonald's operations. In 2019, Swedeco renewed its American policy for the period March 1, 2019 to March 1, 2020. (*Id.* ¶ 7.) The original policy and the renewal are collectively referred to as the "Policy."

Ross was an employee at Caramel's McDonald's restaurant in Bradley, Illinois. (Ross Compl. ¶ 2.) In 2019, Ross filed an action in Illinois state court alleging Caremel violated the Biometric Information Privacy Act ("BIPA",) 40 ILCS 14/1 *et seq.* (the "Ross Action"). According to the Complaint in the Ross Action, Caremel required Ross and the other Caremel employees to use a biometric time clock system to record their time worked. (Ross Compl. ¶ 3.) The system required Ross and the other employees to scan their fingerprints whenever they commenced or stopped working. (*Id.* ¶ 4.) This identifying information was then disclosed to Carmel's time keeping vendor, a third party. (*Id.* ¶ 27.) Caremel did not

obtain Ross' consent for the disclosure to its vendor, which is alleged to be a violation of BIPA. (*Id.* ¶ 29.)

Under the terms of the Policy, American "will pay those sums the insured becomes legally obligated to pay as damages because of 'bodily injury,' 'property damage' or 'personal and advertising injury' to which this insurance applies.'" (DSOF ¶ 10.) Pursuant to this provision, Caramel sought coverage for its defense of the Ross Action. In response American denied coverage, invoking several of the Policy's exclusionary provisions, including: (1) the "Access or Disclosure Exclusion," which carves out coverage for "access or disclosure of confidential or personal information and data related to liability" (*Id.* ¶ 16); (2) the "ERP Exclusion," which relates to employment related practices and bars coverage for personal and advertising injury arising out of employment related practices, policies, acts or omissions (*Id.* ¶ 17); and (3) the "Violation of Statute Exclusion," which carves out liability resulting from the distribution of material in violation of statute. (*Id.* ¶ 18.)

On January 29, 2020, American filed this declaratory judgment action. (Dkt. No. 1.) On July 20, 2021, American filed this Motion for Summary Judgment. (Dkt. No. 62.) The issues are now fully briefed and the Court decides the Motion.

## II. **LEGAL STANDARD**

Summary judgment is appropriate if there is "no genuine dispute of material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A fact is "material" when identified by substantive law as affecting the outcome of the suit. *Bunn v. Khoury Enters.*, Inc., 753 F.3d 676, 681 (7th Cir. 2014). An issue is genuine when the evidence presented is such that a reasonable jury could return a verdict for the nonmoving party. *Id.* at 681–82. When reviewing the record on a summary judgment motion, the Court must view the facts and draw reasonable inferences in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). If, however, the factual record cannot support a rational trier of fact to find for the non-moving party, summary judgment is appropriate. *Bunn*, 753 F.3d at 682.

## III. **DISCUSSION**

American's single-count Complaint seeks a declaratory judgment that the Policy does not include a duty to defend Caremel in the Ross Action. Under Illinois law the duty to defend depends on the allegations of the lawsuit to be defended. *Outboard Marine Corp. v. Liberty Mutual Ins. Co.,* 607 N.E. 2d 1204, 1212 (Ill. 1992). The underlying complaint and insurance policy language are construed in favor of the insured. *Gen. Agents Ins. Co. of Am. v.*

*Midwest Sporting Goods Co.*, 828 N.E.2d 1092, 1098 (Ill. 2005). The Ross Complaint alleges that Caremel disclosed and disseminated Ross's and the class's fingerprints without obtaining their consent.

For the purposes of this Motion, the conduct alleged in the Ross Complaint violated the BIPA. Illinois's BIPA imposes restrictions on how private entities collect, retain, and dispose of biometric identifiers such as fingerprints. *Bryant v. Compass Group USA, Inc.*, 958 F.3d 617, 619 (7th Cir. 2020). Persons aggrieved by a violation of the BIPA have a right of action against the offending party. *Id.* BIPA's purpose is to protect individuals against the threat of irreparable privacy harms, identify theft, and other economic injuries resulting from use of biometric identifiers by private entities. *Id.* American relies on three Policy exclusions to deny coverage for the Ross Action. After considering each exclusion, the Court concludes that ERP Exclusion applies to the Ross Action. Consequently, summary judgment is appropriate in favor of American.

The first exclusion American relies upon is the Access or Disclosure Exclusion. This provision excludes coverage "for personal and advertising injury . . . arising out of any access to or disclosure of any person's . . . confidential or personal information, including patents, trade secrets, processing methods,

customer lists, financial information, credit card information, health information or any other type of nonpublic information." (DSOF ¶ 16.) American argues that the plain meaning of this exclusion would include a person's fingerprints as obvious non-public information. Moreover, the Illinois Personal Information Act ("IPIA") defines "personal information" to include "unique biometric information . . . such as a fingerprint . . . ." 815 ILCS 530/5.

In response, Caremel invokes the doctrine of *ejusdem generis*. *Ejusdem generis* teaches that "where general words follow specific words in a statutory enumeration, the general words are construed to embrace only objects similar in nature to those objects enumerated by the preceding specific words." *Cir. City Stores, Inc. v. Adams*, 532 U.S. 105, 114-15 (2001) (internal quotation and citation omitted). Caremel argues that because the Access or Disclosure Exclusion specifically mentions patents, trade secrets, processing methods, customer lists, financial information, and health information the reference to "every other type of nonpublic information" must exclude fingerprints, which are of a different sort than the examples.

In support of this argument, Caremel relies on the Illinois Supreme Court's opinion in *West Bend Mut. Ins. Co. v. Krishna Schaumburg Tan, Inc.,* 2021 WL 2005464 (Ill. May 21, 2021). *Krishna*

was a declaratory judgement action that also interpreted an exclusion provision in a business liability insurance policy. *Id.* at * 1. The complaint underlying the *Krishna* action alleged violations of the BIPA. *Id.* The *Krishna* policy provided for coverage of "personal injury" and "advertising injury" which were defined to include "oral or written publication of material that violates a person's right of privacy." *Id.* at *5. Plaintiff insurer West Bend relied upon an exclusion in its policy that excused coverage for "Distribution of Material in Violation of Statutes." *Id.* at *2–*3. This exclusion applied to violations of "(1) The Telephone Consumer Protection Act []; (2) The CAN-SPAM Act of 2003 []; (3) Any statute, ordinance or regulation, other than the TCPA or CAN-SPAM Act of 2003, that prohibits or limits the sending, transmitting, communicating or distribution of material or information." *Id.*

The Illinois Supreme Court concluded that the exclusion did not apply to defendant's suit because the statutes listed "regulate methods of communication," while BIPA regulates "the collection, use, safeguarding, handling, storage, retention, and destruction of biometric identifiers and information." *Id.* at *9. The Illinois Supreme Court held that the doctrine of *ejusdem generis* eliminated BIPA claims from the exclusion relied upon by West Bend. *Id.*\*9–\*10. The Illinois Supreme Court went on to say that to the extent

that the exclusion was ambiguous, the provision would be interpreted in favor of coverage. *Id.* at *10.

In assessing the *ejusdem generis* doctrine in this case, the Court finds that Caremel has the edge on coverage. Patents, trade secrets, processing methods, and customer lists are all forms of intellectual property which cannot be interpreted to include fingerprints. Financial information likewise cannot be interpreted to include fingerprints. The closest provision that could arguably be interpreted to include fingerprints would be "health information." But to do so would stretch the definition of health information to include a physical characteristic that has nothing to do with the state of health of an individual. Moreover, to the extent that the exclusion is ambiguous, it is to be interpreted in favor of coverage. *Id.* For these reasons, the Access or Disclosure Exclusion does not apply to the Ross Action.

American next argues it can deny coverage for the Ross Action under the ERP Exclusion. The ERP Exclusion applies to suits alleging claims "arising out of any . . . employment related practice, policies, acts omissions, such as coercion, demotion, reassignment discipline, defamation, harassment, humiliation or discrimination directed at the person . . . ." (DSOF ¶17.) American contends that the plain reading of this exclusion applies to the Ross Action because the requirement that an employee give his

fingerprints is an employment related practice. Caremel responds with two separate arguments. First, Caramel again invokes the *ejusdem generis* doctrine to argue that the harm caused by a BIPA violation is unlike the exemplar harms listed in the Policy. Caremel further argues that American advances too broad a reading of the ERP Exclusion and that the provision applies to practices directed at individual employees and the fingerprint requirement is directed at all employees.

American clearly has the advantage of the plain reading of this exclusion. Looking first at Caremel's second argument, while the company contends that the requirement is not directed at an individual employee, this is simply not the case. The requirement that an employee submit his fingerprints is a requirement that applies to employees individually. Furthermore, BIPA "codified that individuals possess a right to privacy in and control over their biometric identifiers and biometric information." *Rosenbach v. Six Flags Ent. Corp.*, 129 N.E.3d 1197, 1206 (Ill. 2019.) Consequently, the alleged harm, if there is any, would be experienced individually. Therefore, Caremel's employees, including Ross, suffer risk of individual injuries as a result of Caremel's failure to adhere to the statutory procedures of the BIPA. This, according to the Illinois Supreme Court, is an injury in fact. *Id.* Ross and the individuals in his putative class action

have therefore been individually aggrieved by the employment practice.

The Court further concludes that a BIPA violation is of the same nature as the exemplar employment-related practices listed in the Policy. Each of "coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation" reflect a practice that can cause an individual harm to an employee. (DSOF ¶ 17.) As discussed above, the same is true for a BIPA violation. That the conduct harmed many employees at the same time does not change this analysis. Accordingly, American may deny coverage for Caremel's expenses associated with the Ross Action under the ERP Exclusion.

The third proffered exclusion is the Violation of Statute Exclusion. This exclusion is virtually identical to the provision analyzed in *Krishna*. *Krishna*, 2021 WL 2005464 at \*2-\*3. In *Krishna*, the Illinois Supreme Court rejected the insurer's attempt to invoke this exclusion for BIPA claims. *Id.* at \*10. American fails to meaningfully differentiate the Policy from the terms at-issue in *Krishna*. Accordingly, the Policy's Violation of Statute Exclusion does not act to exclude coverage for the Ross Action.

Having concluded that the ERP Exclusion applies to the Ross Action, the Court concludes that there are no issues of material fact remaining in this suit. For this reason, the Court grants

summary judgment in favor of American and issues a declaratory judgment that the Policy does not include a duty to defend Caremel in the Ross Action.

## IV. CONCLUSION

For the reasons stated herein Plaintiff's Motion for Summary Judgment (Dkt. No. 62) is granted.

**IT IS SO ORDERED.**

Harry D. Leinenweber, Judge
United States District Court

Dated: 1/7/2022